UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KEVIN HARDIMON,

                Plaintiff,

      -against-

WESTCHESTER COUNTY,
CORRECTIONAL OFFICER WHITE 1329,
AND CORRECTIONAL SERGEANT
HODGE, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES

                Defendants.
----------------------------------------------------------------x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-16-14
```

13 Civ. 1249 (PKC) (MHD)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

        Plaintiff, Kevin Hardimon, who is proceeding pro se, has failed to appear at a court-ordered initial pretrial conference. Defendant has moved to dismiss the complaint for failure to prosecute, pursuant to Rule 41(b), Fed. R. Civ. P., and plaintiff has not responded to the motion. For the reasons stated below, the motion is granted.

        Hardimon filed a complaint in this action on February 22, 2013. On April 4, 2013, he submitted a change of address to the court. (Docket No. 9.) On April 18, 2013, he sent a letter to the Court seeking to subpoena evidence from Westchester County Jail. (Docket No. 10.) The defendants were served with process on May 24, 2013. (Docket Nos. 11-13.) On November 6, 2013, this Court dismissed all claims against defendants Westchester County and Correctional Officer Hodge. (Docket No. 21.) On December 6, 2013, Magistrate Judge Dolinger ordered plaintiff, Kevin Hardimon, to attend a pretrial conference on January 2, 2014. Mr. Hardimon failed to appear. On January 2, 2014, Magistrate Judge Dolinger set a schedule

*mailed to plaintiff 5/16/14*

for the remaining defendant's motion to dismiss for failure to prosecute. Mr. Hardimon was ordered to submit an opposition the motion by January 30, 2014. Mr. Hardimon did not respond. On April 11, 2014, this Court entered an order, which included, in bold and capitalized typeface:

> **MR. HARDIMON, YOU ARE ADVISED THAT YOUR FAILURE TO OPPOSE THE DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR OTHERWISE RESPOND TO THIS ORDER IN WRITING WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER WILL BE DEEMED A FAILURE TO PROSECUTE THIS ACTION AND WILL RESULT IN A DISMISSAL OF YOUR CASE WITH PREJUDICE. SEE RULE 41(B), FED. R. CIV. P. A DISMISSAL WITH PREJUDICE MEANS THAT YOUR LAWSUIT WILL BE OVER AND YOU, MR. HARDIMON, WILL BE BARRED FROM BRINGING YOUR CLAIM IN ANY COURT.**

(Docket No. 28 at 1-2.) No mail submitted to Mr. Hardimon has been returned as undeliverable to the Court or to Magistrate Judge Dolinger.

LEGAL STANDARD

"If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[D]ismissal for lack of prosecution is a "'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 575-76 (2d Cir. 2009) (quoting Minette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). This is especially true when the plaintiff is a pro se litigant. LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (noting that "pro se plaintiffs should be granted special leniency regarding procedural matters" and "deference is due to a district court's decision to dismiss a pro se litigant's complaint only when circumstances are sufficiently extreme.") (citation and quotations omitted).

The Second Circuit has "fashioned guiding rules that limit a trial court's

discretion" when determining whether to dismiss for failure to prosecute. United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004). Under these rules, district courts must consider five factors in determining whether dismissal pursuant to Rule 41(b) is proper: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane, 239 F.3d at 209 (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)). "[N]one of the five factors is separately dispositive." Id. at 210 (citing Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

DISCUSSION

I.   Duration

Mr. Hardimon did not appear at a scheduled conference on January 2, 2014. His inaction has delayed discovery. This factor weighs in favor of dismissal.

II.   Notice

Mr. Hardimon was provided with specific notice that further delay would result in dismissal. (Docket No. 28.) See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) ("A warning to a pro se litigant must be . . . specific before it will constitute a warning for the purpose of this analysis.").

III.   Prejudice to Defendant

There is no evidence in the record that plaintiff's delay already has caused prejudice to Correctional Officer White. However, these section 1983 claims are brought against

3

him in his individual capacity. He stands accused of serious constitutional violations. The pending litigation is a matter which properly may be inquired into on a mortgage or car loan application or future employment application. The defendant and the public are entitled to have the cloud over the defendant's name resolved one way or another. Though prejudice may not yet have occurred, it is a foreseeable consequence of plaintiff's inaction. This factor thus weighs slightly in favor of dismissal.

### IV. Court Calendar Congestion

Each plaintiff has a right to his day in court. This right is qualified by the obligation to comply with lawful court orders. Noncompliance undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner. The Court notes that the presence of this case on its docket has not materially enhanced "court calendar congestion." Alvarez, 839 F.2d at 932. Thus, the court finds that this factor weighs slightly against dismissal.

### V. Efficacy of Lesser Sanctions

The Court has considered the efficacy of sanctions less severe than dismissal and has concluded that they are inadequate. In light of the express warning of dismissal, there is no reason to believe that a lesser sanction would be effective. See Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 178 (2d Cir. 2010) ("in light of Ruzsa's failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case.").

The Court affords Hardimon special consideration as a pro se litigant. But a plaintiff's pro se status should not explain or excuse disregard for or abandonment of his own lawsuit. In some cases, it may be appropriate for the Court to overlook a pro se litigant's failure

4

to substantially comply with court orders or the Federal Rules of Civil Procedure. Here, Hardimon's noncompliance strongly suggests abandonment of the action.

CONCLUSION

For the reasons stated herein, the motion to dismiss for failure to prosecute (Docket No. 25) is granted. The Clerk shall enter judgment for the defendant. Counsel for the defendant is directed to supply plaintiff with copies of all unreported decisions cited herein. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 16, 2014